IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, ) | Civil Action No.:2:13-02651-RMG-WWD |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |

  The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court upon several motions: (a) Respondent's Motion for Summary Judgment (Dkt. No. 24; see also Dkt. No. 25); (b) Petitioner's Motion "to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment" (Dkt. No. 26); (c) Petitioner's Motion "to Be Relieved from Order of Judgment" (Dkt. No. 32); and (d) Petitioner's Motion for Default Judgment (Dkt. No. 36).

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

  The Petitioner brought this habeas action on September 23, 2013. (Dkt. No. 1.) On or about December 30, 2013, Petitioner filed a Motion "to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment" (Dkt. No. 26). On January 7, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 24; see also Dkt. No. 25.) By order filed January 7, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 27.) Petitioner filed his Response in Opposition on or about January

22, 2014. (Dkt. No. 30.) Petitioner has also filed a Motion "to Be Relieved from Order of Judgment" and Motion for Default Judgment. (See Dkt. No. 32; Dkt. No. 36.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Lieber Correctional Institution. In February of 2006, the Charleston County Grand Jury indicted Petitioner on two counts of armed robbery, assault and battery with intent to kill, and kidnapping. (See R. at 92-102.) Petitioner was represented by David Wolff, Esquire. (See R. at 1.) On June 26, 2007, Petitioner pled guilty before the Honorable R. Markley Dennis, Jr. (See R. at 2-43.) On June 26, 2007, Petitioner was sentenced, pursuant to the negotiated plea agreement, to twenty-five years, concurrent, on each charge of armed robbery; twenty-five years, concurrent, on the kidnapping charge; and twenty years, concurrent, for the charge of assault and battery with intent to kill. (See R. at 41-42.)

Petitioner did not file a direct appeal. However, on March 15, 2010, he filed an application for post-conviction relief ("PCR"). (R. at 44-50.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>> (a) Ineffective assistance of counsel
>>
>> (b) Failure to file appeal
>>
>> (c) Involuntary guilty plea
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>> (a) Counselor failed to investigate facts surrounding case
>>
>> (b) Counselor failed to work diligently in my behalf
>>
>> (c) Prejudice

(R. at 46.)

On September 15, 2010, an evidentiary hearing was held before the Honorable Roger M. Young, Sr. (R. at 56-85.) Petitioner was present and represented by Mark Archer, Esquire. (R. at 56.) In an order filed on October 19, 2010, Judge Young granted Petitioner's request for a review of direct appeal issues pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974), and denied the remainder of the application for post-conviction relief as barred by the statute of limitations. (R. at 86-90.)

On June 23, 2011, Elizabeth A. Franklin-Best, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari. (Dkt. No. 25-3.) In that petition, Petitioner raised the following issue: "Does the record support the PCR judge's grant of a belated appeal to Smalls because he did not knowingly and intelligently waive his right to appeal?" (Dkt. No. 25-3 at 3 of 8.) In his White v. State brief, Petitioner raised the following issue:

> Whether Smalls did not knowingly and voluntarily plead guilty to these offenses because the trial court judge informed him that he would be able to appeal the judge's rulings on pretrial matters, thus rendering Smalls's plea conditional in violation of South Carolina state law?

(Dkt. No. 25-4 at 4 of 8.)[1]

The South Carolina Court of Appeals entered an order denying the petition on October 31, 2013. (Dkt. No. 25-8.) That order stated, *inter alia*,

> Because there is not sufficient evidence to support the PCR court's finding that Smalls did not knowingly and intelligently waive his right to a direct appeal, the petition for a writ of certiorari is denied.

(Dkt. No. 25-8.) The matter was remitted to the lower court on November 21, 2013. (Dkt. No. 25-9.)

---

[1]Petitioner filed a second application for post-conviction relief on February 5, 2013; it appears he amended this PCR application on August 15, 2013. (See Dkt. No. 21 at 68 of 98.) Respondent asserts that, at the time Petitioner filed his habeas petition, the second application for PCR was still pending. (See Dkt. No. 25 at 9 of 44.)

3

By the time the remittitur was issued, Petitioner had already filed the instant habeas petition. (See Dkt. No. 1.) In his federal habeas petition, Petitioner raises the following grounds for review (verbatim):

> **Ground One**: Extrinsic fraud.
> **Supporting Facts**: I was kidnapped from society on inactive arrest warrants and the solicitor, attorney general, magistrate, municipal and circuit courts are all well aware of this, and initiated cases 2004-010174, 2005-000-275 and 2005-000-979; also, knowingly and deliberately submitted false information on state documents to conceal their intentional scheme to defraud the court, as well as manipulating the transfer court system to prosecute me in general sessions court.
>
> **Ground Two:** Perjury/illegal arrest.
> **Supporting Facts**: The case agent in case(s) 2006-GS-10-1253-56 lied knowingly and intentionally about placing me under arrest and serving me arrest warrants; and attempted to cut the arresting agency out of the picture to make it seem as if I was not arrested by another agency.
>
> **Ground Three**: Prosecutorial misconduct/Brady violation.
> **Supporting Facts**: The Solicitor Scarlett Wilson withheld information regarding an "alleged confidential informant, that was paid $100.00 to give information that led to my arrest. However, this was never brought up at my preliminary hearing.
>
> **Ground Four**: Ineffective assistance of trial counsel.
> **Supporting Facts**: I was arrested illegally, admitted excessive bail, committed to detention, tried and prosecuted on inactive arrest warrants. I was also never indicted lawfully, but given twenty-five years when I never waived presentment or pled to a lesser-included offense.

(Dkt. No. 1.) Petitioner also filed supplements to his petition, though he did not raise additional grounds for relief therein. (See Dkt. No. 21; see also Dkt. No. 33.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue'

exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, numerous motions are pending. The undersigned will address the motions in turn.

I. Respondent's Motion for Summary Judgment (Dkt. No. 24)

Respondent contends that he is entitled to summary judgment for several reasons. (See generally Dkt. No. 25; Dkt. No. 24.) First, Respondent contends that the instant § 2254 petition is barred by the statute of limitations. (See Dkt. No. 25 at 11 of 44.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 650.

Respondent contends Petitioner's conviction became final on July 6, 2007, and "[f]rom July 7, 2007 to July 7, 2008, there was no properly filed state action which tolled the AEDPA one (1) year statute of limitations." (Dkt. No. 25 at 11.) As noted above, Petitioner filed his first application for post-conviction relief on March 15, 2010. (R. at 44-50.) According to Respondent, the "AEDPA one (1) year time clock expired on July 7, 2008," and because Petitioner did not file the instant § 2254 habeas petition until September 23, 2013, "Petitioner is in violation of the AEDPA one (1) year statute of limitations by over five (5) years." (Dkt. No. 25 at 11.)

Petitioner's habeas petition was not filed within the one-year time frame set forth in § 2244(d)(1)(A). Rule 203(b)(2) of the South Carolina Rules of Appellate Procedure states, in relevant part, "After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10)

6

days after the sentence is imposed." S.C. R. App. P. 203(b)(2). Petitioner was sentenced on June 26, 2007, (R. at 41-42), and did not appeal; his conviction therefore became final on July 6, 2007. S.C. R. App. P. 203(b)(2); see, e.g., Johnson v. Warden, 6:10–19–HFF–KFM, 2010 WL 4386947, at *4 (D.S.C. Sept. 21, 2010), adopted at 2010 WL 4393281 (D.S.C. Oct 29, 2010). Petitioner filed his application for post-conviction relief on March 15, 2010. (R. at 44-50.) At that point, over two years and eight months of non-tolled time had passed.

Petitioner did file an application for post-conviction relief in March of 2010, but regardless of whether any time was tolled while that application was pending, see Pace, 544 U.S. at 417 (stating that a petitioner is not entitled to statutory tolling under § 2244(d)(2) if a state PCR court rejects his petition as untimely), Petitioner filed the instant action **at least** one year and eight months after the period set forth in § 2244(d)(1)(A) expired.[2] His petition is, therefore, untimely.

Even if a § 2254 petition is untimely, a petitioner may be entitled to equitable tolling. The following question and answer appear on Petitioner's § 2254 petition (verbatim):

---

[2]In his Petitioner's Motion "to Be Relieved from Order of Judgment," Petitioner appears to contend his § 2254 petition was filed within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see also Dkt. No. 32 at 1-2 of 17.) He asserts that because of an order by Judge Nicholson, he was denied access to his case file, and

> Petitioner concedes that because of this factor, he was not able to discover the fact that he had been arrested, administered bail for Municipal and General Session Court Cases, tried and convicted on arrest warrants H865617, H865618, which were not supported by "oath and affirmation," as the law allows. See arrest warrants for offenses: 56-1-440, Driving Without a Licence, 1st, 16-5-50, Interference with/Hindering Officers.

(Dkt. No. 32 at 1-2 of 17.)

In the instant § 2254 action, Petitioner states that he is challenging convictions on the following charges: two charges of armed robbery, one charge of kidnapping, and one charge of assault and battery with intent to kill. (Dkt. No. 1 at 1 of 14.) It is therefore unclear how information related to arrest warrants H865617 and H865618–which, according to Petitioner, are for driving without a license and interference with or hindering officers–entitles him to relief on his convictions for armed robbery, kidnapping, and assault and battery with intent to kill. The undersigned therefore concludes that § 2244(d)(1)(A) is the applicable provision, not § 2244(d)(1)(D).

7

> 18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.
>
> The petitioner was never informed by appellate or trial counsel, or the court about the statute of limitations. However the petitioner pleads fraud upon the court, and presents the following as after-discovered evidence. This evidence presented by Rules governing federal proceedings is relevant and substantial enough that is warrants the vacation of judgment, and eradication permanently from the Unified Judicial System. The petitioner is innocent and asserts his plea the same. The petitioner recognized all existence of fact that he had exhausted his state remedies this present month and he concedes that as a result a petition for the Supreme Court to exercise original jurisdiction to correct an error of law as the United States Constitution guarantees. This petition was filed in the Supreme Court on September 13, 2013.

(Dkt. No. 1 at 13 of 14.) In addition, Petitioner contends that he is entitled to equitable tolling "due to the Circuit Court's 'unconstitutional' order . . . depriving the Petitioner of the opportunity to view his case file" to discovery that "arrest warrants for offenses of 56-1-440, and 16-5-50, 1976 Code, were not supported by 'oath and affirmation' as the law allows." (Dkt. No. 32 at 2 of 17.)

Despite Petitioner's arguments, the undersigned recommends concluding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 at 649 (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent

8

misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

Although Petitioner argues he filed his § 2254 petition shortly after discovering the factual predicate of his claims, such argument is unfounded for the reasons set forth in footnote two. Furthermore, Petitioner's claim that his attorneys did not inform him of the statute of limitations does not entitle him to equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))); Harris, 209 F.3d at 330. Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 24.)

II. Petitioner's Motion "to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment" (Dkt. No. 26)

In this filing, Petitioner states that he seeks to vacate the judgment of the "Ninth Circuit Court of General Sessions . . . on the basis [that] indictment No(s) 2006-GS-10-1253-56[] were illegally bounded to the commitment of the Petitioner . . . ." (Dkt. No. 26 at 1 of 38.) Petitioner, asserting he was "kidnapped," contends he was placed under arrest in violation of South Carolina law and complains that he was arrested in Summerville and transported to Mount Pleasant. (Id. at 3 of 38.) He further contends that he did not get a preliminary hearing for 2004-010174, "which he was arrested for" and complains that he was tried in absentia without being informed of the consequences of failing to attend. (Id. at 5.) Petitioner states,

> The Petitioner believes that he is entitled to a vacated judgment based on the facts that after the Petitioner was arrested on inactive arrest warrants in case no. 2004-010174, removed from Dorchester County, without Summerville Police or the Mount Pleasant Police enforcing and executing an order of the court in Dorchester County.

(Id. at 9 of 38.) He contends that state law was not followed during his arrest, (id. at 14-16 of 38), that he was never indicted on 2004-010174, and that the trial court lacked subject matter jurisdiction. (Id. at 14-16, 18-19.)

As set forth in footnote two, it is unclear how any alleged deficiencies pertaining to arrest warrants for driving without a licence, and interference with or hindering officers, entitle Petitioner to habeas relief on his convictions for armed robbery, kidnapping, and assault and battery with intent to kill. (See supra n.2.) To the extent Petitioner asserts he was arrested or is in custody in violation of state law, "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Smith v. Moore, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction

10

misstated South Carolina law). Furthermore, any allegation that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. See Estelle, 502 U.S. at 67-68; see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); Von Longmore v. South Carolina, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.").

For the foregoing reasons, the undersigned recommends denying Petitioner's Motion "to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment." (Dkt. No. 26.)

III. Petitioner's Motion "to Be Relieved from Order of Judgment" (Dkt. No. 32)

In this motion, Petitioner states,

> The Petitioner contends that under Section 28 USC § 2244(B)(I), the factual predicate of the claim[] could not have been discovered previously through the exercise of due diligence because 1) the Ninth Circuit Court of General Sessions, Circuit Judge, Nicholson, issued an order to the Charleston County Public Defender's Office depriving Petitioner of his right to access his case file; 2) the Petitioner concedes that because of this factor, he was not able to discover the fact that he had been arrested, administered bail for Municipal and General Session Court Cases, tried and convicted on arrest warrants H865617, H865618, which were not supported by "oath and affirmation," as the law allows. See arrest warrants for offenses: 56-1-440, Driving Without a Licence, 1st, 16-5-50, Interference with/Hindering Officers.

(Dkt. No. 32 at 1-2 of 17.) He contends that he is entitled to equitable tolling "due to the Circuit Court's 'unconstitutional' order . . . depriving the Petitioner of the opportunity to view his case file" to discovery that "arrest warrants for offenses of 56-1-440, and 16-5-50, 1976 Code, were not supported by 'oath and affirmation' as the law allows." (Id. at 2.) Petitioner asserts his claims are not time barred "based on the fact that the Petitioner discovered all claims raised on May 2013, April 2013, October 2013 + etc." (Dkt. No. 32 at 11 of 17.) Petitioner "seeks a vacated judgment from cases: 2004-010174, 2006-GS-10-56 based on

11

the Summary, Municipal, and Circuit Courts lacking subject matter jurisdiction . . ." (Dkt. No. 32 at 12 of 17.)

Any claim that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. See Estelle, 502 U.S. at 67-68.[3] In addition, Petitioner's arguments pertaining to equitable tolling should be rejected for the reasons set forth above. The undersigned therefore recommends denying Petitioner's Motion "to Be Relieved from Order of Judgment." (Dkt. No. 32.)

IV. Petitioner's Motion for Default Judgment (Dkt. No. 36)

On or about April 29, 2014, Petitioner filed a Motion for Default Judgment. (Dkt. No. 36.) Referencing Docket Number 32, his Motion "to Be Relieved from Order of Judgment," Petitioner asserts that Respondent is in default because "the court ordered the Respondent to make a responsive pleading to such motion by 4/4/14," and "the State Attorney General's office has violated the order . . . to make a responsive pleading. . . ." (Dkt. No. 36 at 1-2 of 9.)

The undersigned recommends denying Petitioner's Motion for Default Judgment (Dkt. No. 36). Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant "fail[s] to plead or otherwise defend." FED. R. CIV. P. 55(a). Although Respondent did not file a Response to Petitioner's Motion "to Be Relieved from Order of Judgment" (Dkt. No. 32), Respondent is not in default because Respondent has defended. In fact, Respondent filed a Motion for Summary Judgment prior to Petitioner filing his Motion for Default Judgment (Dkt. No. 36; see also Dkt. No. 25; Dkt. No. 25.) In addition, default

---

[3] To the extent Petitioner seeks to challenge a conviction arising out of "2004-010174," it does not appear Petitioner is in custody on any such charge. The Supreme Court "ha[s] interpreted the statutory language as requiring that a habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)) (emphasis added).

12

judgments against respondents are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984). The undersigned therefore recommends denying Petitioner's Motion for Default Judgment (Dkt. No. 36).

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that the following motions be DENIED: Petitioner's Motion "to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment" (Dkt. No. 26); Petitioner's Motion "to Be Relieved from Order of Judgment" (Dkt. No. 32); and Petitioner's Motion for Default Judgment (Dkt. No. 36).

It is further RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 24) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

June 18, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**The Petitioner's attention is directed to the important notice on the next page.**

---

[4]    Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).