IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, )<br>)<br>Petitioner, )<br>)<br>v.  )<br>)<br>Joseph McFadden, )<br>)<br>Respondent. )<br>_____) | C/A No.: 2:13-02651-RMG<br><br>ORDER |

This matter is before the court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court (1) grant Respondent's Motion for Summary Judgment and dismiss the habeas petition with prejudice, (2) deny the Petitioner's Motion "to Vacate a Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment," (3) deny Petitioner's Motion "to Be Relieved from Order of Judgment," and (4) deny Petitioner's Motion for Default Judgment. (Dkt. No. 41). For the reasons set forth below, the Court agrees with and ADOPTS the R & R.

## I. Background

Petitioner, Demetrius Jarod Smalls, is a state prisoner at Lieber Correctional Institution. (Dkt. No. 1 at 1). On June 26, 2007, Petitioner pled guilty to kidnapping, assault and battery with intent to kill, and two counts of armed robbery and was sentenced to twenty-five years. (*Id.*). On March 15, 2010, Petitioner filed an application for post-conviction relief ("PCR"). (Dkt. No. 25-1 at 46). The PCR Court found that Petitioner was not informed of his right to appeal and granted a review of direct appeal pursuant to *White v. State*, 263 S.C. 110 (1974), but otherwise dismissed the application as barred by the statute of limitations. (Dkt. No. 25-1 at 88-92). Petitioner filed a petition for writ of certiorari from the PCR court's order, which was

1

denied. (Dkt. No. 25-8). The South Carolina Court of Appeals found that there was insufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waived his right to appeal. (*Id.*). Petitioner filed the instant habeas action on September 23, 2013. (Dkt. No. 1-1).

The Magistrate Judge recommended that the Court grant Respondent's Motion for Summary Judgment, finding that the Petition was barred by the statute of limitations and that Petitioner had not shown he was entitled to equitable tolling. (Dkt. No. 41 at 5-9). The Magistrate Judge also recommended denying Petitioner's various motions. (*Id.* at 10-13). Petitioner filed timely objections. (Dkt. No. 45).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specific proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

2

## III. Discussion

### A. Respondent's Motion for Summary Judgment

Petitioner concedes that the one-year statute of limitations passed before he filed his petition for habeas relief. (Dkt. No. 45 at 14-15). Indeed, two years and eight months had passed before Plaintiff even filed his first PCR application. However, Petitioner claims that because he was never informed of the one-year statute of limitations to file a habeas action, he is entitled to equitable tolling.[1] (*Id.* at 14-19). Petitioner is incorrect. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline not sufficient to warrant equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248-50 (4th Cir. 2003) (same).

Equitable tolling is only recognized in cases where the petitioner can show that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance prevented him from filing his habeas position in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Recourse to equitable tolling must be guarded and infrequent." *Bogan v. South Carolina*, 204 Fed. App'x 160, 160-161 (4th Cir. 2006). Thus, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 326 (4th Cir. 2000).

---

[1] Plaintiff also appears to claim that because trial counsel did not inform him of his right to appeal his conviction, he is entitled to equitable tolling in this habeas action. The South Carolina Court of Appeals rejected Petitioner's claim that he was not informed of his appeal rights. However, even if Plaintiff's claim were true, it would not have prevented him from filing a habeas action, a showing required for equitable tolling.

3

Here, the Court agrees with the Magistrate Judge that Petitioner has not made any showing that he diligently pursued his rights. "[P]etitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. 408 at 419. Nor has Petitioner shown that circumstances beyond his control would make enforcing the limitations period unconscionable. *See Harris*, 209 F.3d at 326. Therefore, Petitioner is not has not shown that he is entitled to equitable tolling, and the Petition is barred by the statute of limitations.

However, even if the Court allowed equitable tolling, it would deny the petition for habeas relief. Petitioner's first ground for relief is based on allegations of fraud in prior cases related to traffic violations. (*See* Dkt. No. 1 at 5; *see also* Dkt. No. 45 at 1-6). As the Magistrate Judge noted, a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Because Petitioner is not in custody under the traffic convictions, the Court lacks jurisdiction over any habeas claims attacking those convictions. *See id.*

Next Petitioner claims that the case agent "lied knowingly and intentionally about placing me under arrest and serving me [with] arrest warrants" and that the Solicitor withheld information regarding "an alleged confidential informant, that was paid $100 to give information that led to my arrest." (Dkt. No. 1 at 6, 8). Both of these grounds are procedurally barred because he did not raise them before the trial court, did not directly appeal these issues, did not raise these issues in his PCR application, and did not raise these issues in his *White v. State* brief. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground."). To the extent that Ground Four raises other direct appeal issues, they are procedurally barred for the same reasons.

Finally, Petitioner raises an ineffective assistance of counsel claim. While this claim is vague in his Petition, Petitioner claims in his objections to the R & R that (1) the trial court orally denied trial counsel's pretrial motions instead of issuing written orders with findings of fact and conclusions of law, (2) trial counsel was ineffective for not objecting to the fact that the trial court did not issue written opinions on pretrial motions, (3) trial counsel was ineffective for not telling petitioner that he might have an appeal issue because the trial court did not issue written opinions on pretrial motions, and (4) if trial counsel had told him that he might have an appeal issue, he would not have pled guilty but gone to trial. (Dkt. No. 45 at 9-11). First, while Petitioner raised ineffective assistance of counsel claims in his PCR application, he did not raise this particular claim of ineffective assistance, and the claim is procedurally barred. Furthermore, Petitioner has cited no authority for the proposition that a trial court has to issue written orders with findings of fact and conclusions of law on pretrial motions, and the Court knows of none. Thus, trial counsel was not ineffective for failing to object on this ground or failing to advise Petitioner that the trial judge should have issued written orders.

**B. Petitioner's Motions**

Because the Petition is barred by the statute of limitations, Petitioner's motion to vacate his sentence and for summary judgment and Petitioner's motion to be relieved from the state court order of judgment must be denied as well. These motions also fail on the merits for the reasons stated in the R & R and the reasons stated above. Finally, the Magistrate Judge recommended denying Petitioner's Motion to Default Judgment because Respondent had defended the action and was not in default. (Dkt. No. 41 at 12-13). Petitioner did not object to this finding, and the Court agrees with the Magistrate Judge.

## IV. Conclusion

For the foregoing reasons, this Court **ADOPTS** the R & R, (Dkt. No. 41). Accordingly, the following motions are **DENIED**: Petitioner's Motion to Vacate Sentence by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Partial Summary Judgment (Dkt. No. 26); Petitioner's Motion to Be Relieved from Order of Judgment (Dkt. No. 32); and Petitioner's Motion for Default Judgment (Dkt. No. 36). Respondent's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED**, and the Petition is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 18, 2014
Charleston, South Carolina